IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CONSUMER WATCHDOG, individually and on behalf of the general public,**
413 E. Capitol, St. SE, First Floor,
Washington, D.C. 20003,

**Plaintiff**,

v.

**ZOOM VIDEO COMMUNICATIONS, INC.**
55 Almaden Boulevard, 6th Floor, San Jose, California 95113,

**Defendant**.

Case No: ____________

(Removed from the Superior Court of the District of Columbia Civil Action No. 2020 CA 003516 B (SFM))

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE, that pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Zoom Video Communications, Inc. ("Defendant" or "Zoom"), by and through its attorneys, hereby removes this action from the Superior Court of the District of Columbia ("Superior Court") to the United States District Court for the District of Columbia. The grounds for removal are as follows:

**I. REMOVAL IS TIMELY.**

**1.** On August 10, 2020, Plaintiff Consumer Watchdog ("Plaintiff" or "Consumer Watchdog") initiated a civil action against Defendant in the Superior Court, styled and captioned as above, and assigned Civil Action No. 2020 CA 003516 B ("State Court Action").

**2.** On August 12, 2020, Defendant acknowledged receipt of the Summons, Complaint, Initial Order, and Addendum pursuant to Rule 4(c)(5) of the District of Columbia Superior Court Rules of Civil Procedure.

**3.** In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after Zoom was served with a copy of the Summons and Complaint setting forth the claims for relief upon which Plaintiff's action is based. *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("the defendant's period for removal will be no less than 30 days from service").

## II. PLAINTIFF'S COMPLAINT.

**4.** Defendant is a Delaware Corporation that is headquartered in San Jose, California. Compl. ¶ 12. Defendant provides remote video conferencing and other communications services for businesses and individuals. *Id.* ¶ 15.

**5.** Plaintiff asserts that it "is a 501(c)(3) . . . corporation with offices in Washington D.C. . . . and California." *Id.* ¶ 11.

**6.** Plaintiff seeks to maintain this action on behalf of "the general public and the tens of thousands of District of Columbia ("D.C.") [Zoom] consumers," *id.* ¶ 10, under the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3905(k)(1)(C) and § 28-3905(k)(1)(D), Compl., Prayer for Relief, claiming violations of D.C. Code §§ 28-3904(a),(d)-(f-1), (h). *Id.*

**7.** While Zoom denies any liability as to the allegations in the Complaint and reserves all of its rights and defenses, Plaintiff alleges that Zoom made false and deceptive representations to consumers about its data encryption practices in violation of the CPPA, that those statements were material and have the tendency to mislead, that Zoom intended D.C. residents to rely on such representations, and that consumers relied on those representations when using and purchasing Zoom's services. Compl. ¶¶ 49-53.

**8.** Plaintiff seeks statutory damages for "each and every D.C. consumer who used and/or purchased access to Zoom's video communication services;" *Id.* ¶ 54; punitive damages;

injunctive relief; attorneys' fees and costs; and such other relief as deemed appropriate. *Id.*; Compl. Prayer for Relief.

## III. REMOVAL TO FEDERAL COURT IS PROPER BECAUSE THE CLASS ACTION FAIRNESS ACT PROVIDES FEDERAL JURISDICTION.

**9.** Removal is proper pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides for federal diversity jurisdiction over this action.

**10.** CAFA applies to any civil action filed under a state statute or rule "authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). As noted above, Plaintiff purports to represent the general public of DC consumers pursuant to the representative action provisions of the CPPA, D.C. Code § 28-3901, *et seq.*, and is therefore subject to CAFA removal. Compl. ¶ 10. Indeed, as the District of Columbia Court of Appeals has recognized, representative actions for damages brought under the CPPA are to be treated as class action proceedings pursuant to District of Columbia Superior Court Rule 23, which is the state law analogue to Rule 23 of the Federal Rules of Civil Procedure. *Rotunda v. Marriot Intern., Inc.*, 123 A.3d 980, 982 (D.C. 2015) (recognizing, in the context of a CPPA action for damages brought by a representative party on behalf of the general public, that CPPA actions are subject to the "framework long established by [Superior Court] Rule [of Civil Procedure] 23 to govern representative suits in the Superior Court").

**11.** CAFA provides for original diversity jurisdiction in a District Court for any putative class action: (a) involving 100 or more class members; (b) with an amount in controversy exceeding $5 million dollars; and (c) in which any member of the plaintiff class is a citizen of a different country or state than any defendant. *See* 28 U.S.C. § 1332(d). Each jurisdictional requirement of CAFA is satisfied here.

**12.** A notice of removal "need not contain evidentiary submissions." *Dart Cherokee*

*Basin Operating Co. v. Owens*, 574 U.S. 81, 82 (2014). Zoom need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegations[s]" that the jurisdictional requirements of CAFA are satisfied. *Dart Cherokee,* 574 U.S. at 89.

**13. Plaintiff Seeks to Represent More Than 100 Members.** Plaintiff's allegation that it represents "tens of thousands" of allegedly impacted DC residents, Compl. ¶¶ 10, 38, satisfies CAFA's requirement of 100 or more "members of all proposed plaintiff classes in the aggregate." 28 U.S.C. § 1332(d)(5)(B).

**14. The Relief Requested Exceeds the Amount-In-Controversy Requirement of $5 Million.** For jurisdictional purposes, multiplying the number of the allegedly represented parties as pled in the Complaint by the amount of statutory damages sought is sufficient to satisfy the amount-in-controversy requirement. *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 140 (D.D.C. 2015) (holding it is appropriate to aggregate damages when assessing amount-in-controversy requirement for jurisdiction under CAFA in CPPA action, including multiplying alleged number of class members by damages sought for each class member); 28 U.S.C. § 1332(d)(6) (to determine amount in controversy, "the claims of the individual class members shall be aggregated . . . ."). Plaintiff alleges that the purported misstatements impacted tens of thousands of D.C. consumers and claims at least $1,500 in damages per violation. Compl. ¶¶ 10, 38, Prayer for Relief. Thus, the Complaint's allegations amply satisfy the $5 million amount-in-controversy requirement across the entire group Plaintiff seeks to represent, exclusive of interest and costs. Compl., Prayer for Relief; *see also* 28 U.S.C. § 1332(d)(6).

**15. Minimal Diversity Exists.** Removal pursuant to CAFA requires only that minimal diversity exists, meaning, as relevant here, that the plaintiff or "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

**16.** Zoom is incorporated in Delaware and has its principal place of business in California. Compl. ¶ 12. Zoom is therefore a citizen of Delaware and of California. *See* 28 U.S.C. § 1332(c)(1). Plaintiff seeks to represent "the general public and the tens of thousands of District of Columbia ("D.C.") consumers . . . ." Compl. ¶ 10. Thus, at least one member of the group whom Plaintiff seeks to represent is a citizen of D.C., which Zoom is not, satisfying minimal diversity for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**17.** In sum, CAFA jurisdiction is proper because Plaintiff has filed what is in substance a "class action" on behalf of more than 100 putative class members, for which there is minimal diversity and an amount-in-controversy in excess of $5,000,000. *Rotunda*, 123 A.3d at 982.

## IV. ZOOM HAS MET ALL ADDITIONAL PROCEDURAL REQUIREMENTS FOR REMOVAL.

**18.** The Superior Court in which this matter was commenced is within this Court's District. Therefore, the matter is properly removable to this Court. 28 U.S.C. § 1441(a).

**19.** In accordance with 28 U.S.C. § 1446(a), true and correct copies of the summons, Complaint and orders received by Zoom are attached hereto as Exhibit A.

**20.** In accordance with 28 U.S.C. § 1446(d), Zoom will promptly provide notice to Plaintiff regarding removal. A copy of this Notice of Removal that Zoom will serve on Plaintiff is attached hereto as Exhibit B.

**21.** Also in accordance with 28 U.S.C. § 1446(d), Zoom will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia. A copy of that filing is attached hereto as Exhibit C. The docket of the Superior Court in this matter is also attached hereto as Exhibit D.

**22.** This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

**23.** The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

**24.** If any question arises as to the propriety of the removal of this action, Zoom requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable. *See Dart Cherokee*, 574 U.S. at 87 (holding that "a short and plain statement of the grounds of removal" is all that is necessary to remove under 28 U.S.C. § 1446 and evidentiary submissions should be addressed during remand briefing).

Accordingly, Zoom hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Dated: September 9, 2020

COOLEY LLP

By: */s/ Kathleen Hartnett*

Kathleen Hartnett (DC Bar # 483250)
khartnett@cooley.com

Michael G. Rhodes*
Aarti Reddy* (DC Bar # 1005818)
101 California Street, 5th Floor
San Francisco, CA 94111
Tel: 415-693-2000
Fax: 415-693-2222
khartnett@cooley.com
rhodesmg@cooley.com
areddy@cooley.com

Travis LeBlanc (DC Bar # 496844)
(Applying for Attorney Admission to Court)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel: 202-842-7800
Fax: 202-842-7899
tleblanc@cooley.com

**Pro Hac Vice* application forthcoming

*Counsel for Defendant Zoom Video Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2020, I caused a copy of the foregoing to be served by email and first-class U.S. Mail, postage prepaid, on counsel for plaintiff at the following address:

Harvey Rosenfield
CONSUMER WATCHDOG
413 E Capitol St., SE, First Floor
Washington, D.C. 20003
Email: harvey@consumerwatchdog.org

Jerry Flanagan
Benjamin Powell
CONSUMER WATCHDOG
6330 San Vicente Blvd., Suite 250
Los Angeles, CA 90048
Email: jerry@consumerwatchdog.org
Email: ben@consumerwatchdog.org

Jay Edelson
Ari J. Scharg
Theo J. Benjamin
EDELSON PC
350 N. LaSalle St., 14th Floor
Chicago, IL 60654
Email: jedelson@edelson.com
Email: ascharg@edelson.com
Email: tbenjamin@edelson.com

*/s/ Kathleen Hartnett*
Kathleen Hartnett
*Counsel for Defendant Zoom Video Communications, Inc.*